Edward Alan HANNA, Plaintiff,

v.

Michael P. LANE, Henry E. Cowan, David Grant, Captain Tibbetts, Willie Hayes, Rodney Sprinkle, Larry Pusteria, George Stampar, M. Hosey, Gaylon Yates, Edna Davis, Nathaniel Richars and Marvin Shields, Defendants.

No. 84 C 1635.

United States District Court, N.D. Illinois, E.D.

March 4, 1985.

Edward Alan Hanna, pro se.

Robert W. Cushing, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Edward Hanna, plaintiff in this pro se civil rights suit, initiated this action with a complaint against twenty-two individuals employed by the Illinois Department of Corrections and the Joliet Correctional Center. Because the broad allegations of the original complaint did not link the named defendants to the facts underlying Hanna's claims, defendants moved to dismiss. Plaintiff responded with a memorandum thoroughly detailing all the facts relevant to his claim. The Court treated the memorandum as an amended complaint incorporating the allegations of the original and denied defendants' motion as moot.[1] De-

---

1. The Seventh Circuit has since recognized the propriety of this procedure for cases in which plaintiff is proceeding without counsel. *Matzk-*

fendants now move to strike certain paragraphs of the amended complaint and to dismiss the claims against some of the defendants.

On January 7, 1984, prison officials removed Hanna to segregation for purposes of investigation of a rule violation. Hanna was later cited and found guilty of a disciplinary infraction. Defendants' motion, however, does not address the legal claims arising out of these events. Instead, it seeks to strike 31 of the 74 paragraphs in the amended complaint as superfluous filler failing to allege a basis for a constitutional violation. It further seeks dismissal of twelve of the twenty-two defendants for lack of sufficient involvement in the circumstances giving rise to Hanna's suit.

■ While the original complaint suffered from a paucity of critical facts, the amended complaint is burdened with an excess of needless detail. But a surfeit of factual allegations is not necessarily grounds to strike the pleadings, especially when those pleadings are prepared by a pro se litigant untutored in the requirements of federal procedural rules. Rule 12(f) of the Federal Rules of Civil Procedure only allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."

■ With the few exceptions noted *infra*, most of the paragraphs which defendants seek to strike do not fit within any of the grounds enumerated in Rule 12(f). Moreover, inasmuch as motions to dismiss are looked upon with disfavor, courts ordinarily will not strike matters unless it both has no relevance to the subject matter of the litigation and is prejudicial to the objecting party. *Lirtzman v. Spiegel, Inc.,* 493 F.Supp. 1029, 1030 (N.D.Ill.1980). The amended complaint is discursive and clearly in violation of the Rule 8 directive to keep pleadings simple and concise, but the paragraphs defendants challenge are for the most part neither wholly irrelevant nor prejudicial. Therefore, the Court shall overlook the prolixity in Hanna's amended complaint and deny defendants' motion to dismiss paragraphs 1, 2, 3, 4, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 22, 23, 24, 41, 42, 50, 52, and 58, 59, and 60.[2]

Defendants also move to dismiss paragraph 21. Unlike the paragraphs cited above, paragraph 21 alleges a claim for relief, not just supporting facts. Specifically, Hanna alleges that four of the defendants violated his constitutional right to adequate security by permitting another inmate with a history of aggressive and assaultive behavior to reside with him and other less-aggressive inmates in the general population at Joliet.

■ The Eighth Amendment entitles prisoners to reasonable protection from bodily harm at the hands of fellow prisoners. *Madyun v. Thompson,* 657 F.2d 868, 875 (7th Cir.1981). But to sustain a claim of cruel and unusual punishment, a prisoner must show that defendants "deliberately deprived" him of his right to reasonable security from violence. *Little v. Walker,* 552 F.2d 193, 198 (7th Cir.1977), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978). If a prison official has strong reason to believe that one inmate is about to attack another yet fails to take any precautions to safeguard the intended victim, then he may be held liable under the deliberate indifference standard for injuries suffered by the prisoner who was assaulted. *See Matzker,* 748 F.2d at 1149–50. But allegations evidencing a "mere possibility" of violence are not enough to infer callous indifference. *Estate of Davis v. Johnson,* 745 F.2d 1066, 1071 (7th Cir. 1984).

*er v. Herr,* 748 F.2d 1142, 1148 n. 5 (7th Cir. 1984).

**2.** Defendants contend that certain of the paragraphs attempt to present claims on behalf of two other prisoners. Hanna was placed in segregation because he wrote a letter attempting to intercede on behalf of his two fellow prisoners to obtain dismissal of disciplinary reports against them which he felt were without foundation. As the Court reads the amended complaint, reference to the other inmates are facts in support of Hanna's claims, not separate claims on behalf of the non-plaintiff inmates.

Hanna's allegations show, at most, only the mere possibility of attack. Hanna does not allege that the purportedly dangerous prisoner ever threatened him personally. Indeed, the only allegations of actual violence or threats of violence concern past acts at a different correctional facility. The only misconduct alleged is that defendants permitted an inmate with a history of aggression to reside in general population with Hanna. But as the Seventh Circuit noted in *United States ex rel. Miller v. Twomey,* 479 F.2d 701 (7th Cir. 1973), *cert. denied,* 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974):

> Within the prison itself the warden and his agents must also be permitted a wide area of unreviewable discretion. The proper placement or classification of the especially dangerous inmate should not present him with a Hobson's choice between alternative Eighth Amendment claims; segregation on the basis of mere suspicion or inadequate history of violence might have subjected him to a claim by Bright, whereas the failure to segregate has given rise to a claim by Gutierrez.

*Id.* at 721. Thus, the decision to permit a potentially dangerous inmate to reside in the general population does not, without more, give rise to a claim for relief. *Id.* Accordingly, the Court dismisses the claim asserted in paragraph 21 of the amended complaint.

In paragraphs 43, 48, and 70, Hanna complains that officials required him to wear a security belt and handcuffs when he was released from segregation for visits with friends and family on two occasions. He alleges his brother, who did not have as good a prison record as he, did not have to wear security devices. He asserts that use of the restraints during his visits was degrading and "wrongfully defamed" him before family and friends.

The Supreme Court has repeatedly recognized the need for federal courts to avoid unnecessary encroachment on difficult questions of prison administration which are more properly left to the exper-tise of the trained officials who run the prisons. *Hudson v. Palmer,* —— U.S. ——, 104 S.Ct. 3194, 3199, 82 L.Ed.2d 393 (1984); *Rhodes v. Chapman,* 452 U.S. 337, 351 n. 16, 101 S.Ct. 2392, 2401 n. 16, 69 L.Ed.2d 59 (1981); *Bell v. Wolfish,* 441 U.S. 520, 562, 99 S.Ct. 1861, 1886, 60 L.Ed.2d 447 (1979). Matters of security are of particular importance and administrative decisions in this critical area are especially deserving of deference from the courts. *Soto v. Dickey,* 744 F.2d 1260, 1269 (7th Cir.1984). Because prison officials are better equipped to determine what practices and procedures are best suited to maintain institutional security, the courts will not interfere with the imposition of a particular security measure unless the need for it is unjustifiably exaggerated. *See Bono v. Saxbe,* 620 F.2d 609, 617 (7th Cir.1980). A security measure does not constitute a violation of the Eighth Amendment absent some showing that it constitutes a wanton infliction of pain that is totally without penological justification. *See Rhodes,* 452 U.S. at 346, 101 S.Ct. at 2398; *Garza v. Miller,* 688 F.2d 480, 487 (7th Cir.1982).

The practice at issue here is not so excessive or unreasonable as to violate Hanna's right to be free from cruel and unusual punishment. At the time of the visits, Hanna, unlike his brother, was confined to segregation. Prisoners in segregation are usually those who have violated prison rules or are under investigation for possible disciplinary action. It is not unreasonable to assume that as a class those prisoners represent a potential threat to security. Therefore, courts have sanctioned the use of mechanical restraints on prisoners in segregation-type status whenever they are taken out of the segregation unit. *Tubwell v. Griffith,* 742 F.2d 250, 252–53 (5th Cir.1984); *Fulford v. King,* 692 F.2d 11 (5th Cir.1982). While it is true that Hanna contends he was wrongfully placed in segregation and had no prior history of violence, these facts alone are not enough to permit this Court to substitute its judgment for that of prison officials. *See Tubwell,* 742 F.2d at 253. For Eighth Amend-

ment purposes, the mere fact of segregation is sufficient to justify use of handcuffs and a security belt for purposes of receiving contact visits. The burden of individualized determination of dangerousness is not constitutionally compelled for a prisoner committed to segregation. Accordingly, the Court dismisses the claim asserted in paragraphs 43, 48, and 70.

■ In paragraph 31 of the complaint Hanna alleges he wrote defendant Lane giving details of the events and grieving the actions of the other defendants. Lane purportedly never responded to Hanna's letter. Michael Lane is Director of the Illinois Department of Corrections. As Director, Lane cannot be expected to involve himself with the minutiae of daily events in the lives of the thousands of prisoners incarcerated in Illinois prisons. Thus, Lane's failure to respond to Hanna's letter is not grounds for a claim of constitutional importance. *See Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir.1982); *Partee v. Lane*, 528 F.Supp. 1254, 1259 (N.D.Ill.1981). Lane is therefore dismissed from the action.

■ Eleven other defendants move to dismiss on grounds that they were without authority to rectify the allegedly wrongful assignment of Hanna to segregation or to order his release. Hanna concedes as to defendants Jenkins, Cooper, Douglas, Sibley, Loos, L. Yates, Maxwell, and Brljavac and agrees to their dismissal. He asserts, however, that defendants Cowan, G. Yates, and Shields knew of the wrongful action against him and had authority to release him from segregation. On a motion to dismiss, the court must accept these allegations as true. *Hanrahan v. Lane*, 747 F.2d 1137, 1139 (7th Cir.1984). Accordingly, the motion to dismiss as to these three defendants must be denied.

In conclusion, the Court grants defendants' motion to dismiss the amended complaint as to paragraphs 21, 31, 43, 48, and 70 and dismisses from the action defendants Lane, Jenkins, Cooper, Douglas, Sib-

ley, Loos, L. Yates, Maxwell, and Brljavac. The motion is denied in all other respects.

It is so ordered.