Beatrice SIMMONS, Plaintiff,

v.

JOHN F. KENNEDY MEDICAL CENTER and Our Lady of the Resurrection Medical Center, Defendants.

No. 89 C 0573.

United States District Court, N.D. Illinois, E.D.

Dec. 15, 1989.

John L. Gubbins, Chicago, Ill., for plaintiff.

Marc M. Pekay, Linda J. Finnerty, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Beatrice Simmons has brought this action against John F. Kennedy Medical Center ("Kennedy") claiming damages for violations of her civil rights, breach of contract and promissory estoppel. Kennedy has filed a motion to strike paragraph 6 of the first amended complaint, a motion to dismiss Counts II, III and IV and a motion for sanctions. Simmons has filed a cross-motion for sanctions in response to Kennedy's motions.

We deny Kennedy's motion to strike, grant the motion to dismiss Counts II, III, IV and deny Kennedy's motion for sanctions. We deny Simmons' cross-motion for sanctions.

### Background

For the purposes of deciding the motion to dismiss, we assume the truth of Simmons' allegations. *Zinser v. Rose*, 868 F.2d 938, 939 (7th Cir.1989). Beatrice Simmons, a black female, was employed as a

consultant at the accounting firm of Coopers & Lybrand ("Coopers"). One of Coopers' clients was the John F. Kennedy Medical Center.[1] During its business relationship with Coopers, Kennedy became acquainted with Simmons.

Kennedy recruited Simmons to leave her job with Coopers and accept a position as Kennedy's Vice President of Clinical Information Management. After "extensive" negotiations, Kennedy offered Simmons a benefit and compensation package including a salary of $100,000. Simmons also alleges that Kennedy offered her tuition reimbursement for the Northwestern University MBA program. Simmons accepted this offer and began working for Kennedy on June 1, 1987.

Initially, Simmons was treated well at Kennedy. Her performance reviews were outstanding, and she was praised for the positive changes she brought to the hospital. However, Simmons alleges several incidents that changed her working relationship.

On December 13, 1987, Kennedy fired Simmons. She was told that she was "being terminated for financial reasons." Simmons, however, claims that she was fired because of her race, sex and in retaliation for "her efforts to ensure compliance with equal employment laws."

Simmons has filed a four count complaint against Kennedy. In Count I, Simmons seeks recovery under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Count II purports to state a claim under 42 U.S.C. § 1981. Count III is a claim for breach of contract and Count IV seeks recovery under a promissory estoppel theory.

### Discussion

#### A. *Motion to Strike Paragraph 6*

Pursuant to Fed.R.Civ.P. 12(f), Kennedy moves to strike paragraph 6 of the complaint on the grounds that it contains immaterial, irrelevant and conclusory allegations. Paragraph 6 alleges:

---

1. Subsequent to Simmons' discharge, Kennedy was purchased by Our Lady of the Resurrection Medical Center.

Plaintiff Beatrice Simmons, while Vice President of Clinical Information Management Services with John F. Kennedy Medical Center, reported a violation of a woman staff member at the medical center who was being sexually harassed by a white male department director. She also opposed the discharge of a second female who was targeted for discharge for speaking out on issues related to health care and hospital administration and procedures. Plaintiff Beatrice Simmons, also hired a female marketing director to take responsibility for marketing the services of the medical center. (First Am.Cmplt., par. 6).

"Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." *Garza v. Chicago Health Clubs, Inc.*, 347 F.Supp. 955, 962 (N.D.Ill.1972). *See also Hanna v. Lane*, 610 F.Supp. 32, 34 (N.D.Ill.1985). Furthermore, the federal rules require only that the pleadings provide notice of the facts and substance of the claims against the defendant. *Crisostomo v. Stanley*, 857 F.2d 1146, 1152 (7th Cir.1988).

Although the complaint is not artfully pled, the allegations in paragraph 6 and the complaint as a whole are sufficient to put Kennedy on notice of the nature of Simmons' claims. Furthermore, the allegations contained in paragraph 6 are not entirely irrelevant to the dispute. For example, the allegation that Simmons reported the sexual harassment of a female employee has a bearing on the retaliatory discharge claim. The remaining allegations may be relevant to her sex discrimination or retaliatory discharge claim, although the link is somewhat tenuous. However, none of the allegations in the paragraph operate to prejudice Kennedy. Accordingly, the motion to strike paragraph 6 is denied.

### B. Motion to Dismiss Count II

In Count II, Simmons attempts to plead a cause of action under 42 U.S.C. § 1981. To sufficiently state a cause of action under § 1981, the plaintiff must al-lege some facts that demonstrate that she was discriminated against because of her race. *Smith v. Firestone Tire & Rubber Co.*, 875 F.2d 1325, 1328 (7th Cir.1989); *Jaffre v. Barber*, 689 F.2d 640, 643 (7th Cir.1982). Moreover, the plaintiff must allege facts indicating that the racial discrimination was intentional. *Randle v. LaSalle Telecommunications, Inc.*, 876 F.2d 563, 568 (7th Cir.1989); *McCalpine v. Foertsch*, 870 F.2d 409, 414 (7th Cir.1989).

Simmons' complaint includes three references to race. First, she states that she is a black female. Second, she notes that Peter Rusen, the individual who discharged her, was a white male. Finally, Simmons alleges that Kennedy "under-utilizes blacks in all employment categories." (Cmplt., par. 9).

The allegations that Simmons is black and Rusen is white are wholly insufficient to establish that Kennedy intentionally discriminated against Simmons on the basis of her race. A § 1981 plaintiff "cannot merely invoke [her] race in the course of a claim's narrative and automatically be entitled to pursue relief under Section 1981." *Jaffe v. Federal Reserve Bank of Chicago*, 586 F.Supp. 106, 109 (N.D.Ill.1984) (citation omitted). However, this is exactly the strategy chosen by Simmons.

Similarly, the allegation that Kennedy "under-utilized" its black employees does not salvage the claim. A § 1981 plaintiff cannot state a cause of action with conclusory allegations of racial discrimination. *Minority Police Officers Ass'n v. South Bend*, 801 F.2d 964, 967 (7th Cir.1986); *Nazaire v. Trans World Airlines, Inc.*, 807 F.2d 1372, 1379 (7th Cir.1986), *cert. denied*, 481 U.S. 1039, 107 S.Ct. 1979, 95 L.Ed.2d 819. On the contrary, the complaint must allege particularized facts demonstrating that the plaintiff has been the victim of intentional discrimination. *Jafree v. Barber*, 689 F.2d at 643. It would be an understatement to say that the allegation that Kennedy "under-utilized" its black employees was conclusory and lacking particularity.

On whole, the complaint is utterly devoid of any factual allegation that could support

an inference of intentional discrimination. Simmons has failed to plead the requisite elements of a § 1981 claim. Accordingly, we dismiss Count II of the complaint.

### C. Motion to Dismiss Count III

Simmons seeks recovery for breach of contract in Count III. She alleges:

Plaintiff and defendant entered into a contract of employment. The consideration for the contract was a bargained for exchange of promises. A letter confirming this arrangement between plaintiff and defendant is attached as Exhibit B. Plaintiff Beatrice Simmons agreed to sever her employment relationship with Coopers & Lybrand in exchange for John F. Kennedy's promise to pay her an annual salary of $100,000 and to reimburse her for a two year MBA program. John F. Kennedy breached this contract in December of 1987 when it terminated plaintiff Beatrice Simmons.

(Cmplt., par. 13).

■ Nowhere in the complaint does Simmons allege that the alleged contract included a term specifying the duration of the employment. "If an employment contract, whether oral or written, does not specify a duration, then the contract is terminable 'at will,' and the employment relation can be terminated by either party at any time and for any reason." *Ring v. R.J. Reynolds Industries, Inc.*, 597 F.Supp. 1277 (N.D.Ill.1984), *aff'd*, 804 F.2d 143 (7th Cir.1986) citing *Rynar v. Ciba–Geigy Corp.*, 560 F.Supp. 619 (N.D.Ill.1983); *Lukasik v. Riddell, Inc.*, 116 Ill.App.3d 339, 72 Ill.Dec. 123, 452 N.E.2d 55 (1st Dist. 1983). Therefore, because there was no specified duration of employment, Kennedy could terminate Simmons at will.

■ Simmons attempts to overcome this flaw by arguing that the agreement to reimburse her for the MBA program constitutes an implied term of duration. She argues that "the parties fully expected that the plaintiff would be employed at least until she had obtained her degree or dropped out of the MBA program." (Pltf. Memo, p. 8). However, this argument is untenable. First, Simmons concedes that she was not obligated to remain in the program for the entire two years. Because the proposed term of the contract did not bind Simmons, there is no mutuality of obligation. Second, in order to overcome the presumption of employment-at-will, the promise of employment for a specific duration must be clear and definite. *Hindley v. Seltel, Inc.*, 672 F.Supp. 1093, 1095 (N.D. Ill.1987), *citing Titchener v. Avery Coonley School*, 39 Ill.App.3d 871, 350 N.E.2d 502 (2d Dist.1976). The promise relied on by Simmons is neither definite nor certain. Finally, courts have refused to find that an employment contract for a specific duration was created in analogous factual contexts. *See, e.g., Mann v. Ben Tire Distributors, Ltd.*, 89 Ill.App.3d 695, 44 Ill.Dec. 869, 411 N.E.2d 1235 (4th Dist.1980) (court held that promise of a year end bonus did not create an employment contract with a specific duration); *Buian v. J.L. Jacobs and Company*, 428 F.2d 531, 533 (7th Cir.1970) (assignment of eighteen month contract did not create contract with specific duration); *Payne v. AHFI/Netherlands, B.V.—Edwards*, 522 F.Supp. 18 (N.D.Ill.1980) (two year foreign assignment did not create a promise to employ plaintiff for two years).

Therefore, because the contract of employment alleged by Simmons was not for a stated duration, it was terminable at will. We dismiss the breach of contract claim.

### D. Motion to Dismiss Count IV

■ In Count IV, Simmons claims that she is entitled to recovery under a promissory estoppel theory. Under Illinois law, there are four elements of the promissory estoppel cause of action. First, the plaintiff must allege an unambiguous promise. Second, there must have been reliance on this promise. Third, the reliance must have been expected and foreseeable. Finally, there must be some injury resulting from the reliance. *Patkus v. Sangamon–Cass Consortium*, 769 F.2d 1251, 1264 (7th Cir.1985) (citations omitted).

■ Simmons has failed to adequately allege the requisite elements. First, Simmons has failed to allege an unambiguous promise that would support the application of promissory estoppel. Simmons argues that Kennedy promised her permanent em-

ployment when it induced her to leave her job at Coopers. However, as we have noted above, there are no allegations in the complaint which support this claim. Kennedy merely offered to make Simmons an employee at-will; the offer alleged in the complaint did not contain any promise to retain Simmons for a stated duration. Furthermore, the complaint contains no allegation that Kennedy expected Simmons to rely on obtaining permanent employment. Accordingly, we grant Kennedy's motion to dismiss Count IV.

### E. Cross–Motions for Sanctions

Both parties move for sanctions on the ground that opposing counsel has failed to make a reasonable inquiry into the relevant areas of the law. Although we decline to award the sanctions requested, we admonish plaintiff's counsel not to make allegations in a complaint which he, as an experienced civil rights litigator, should have known could not survive a motion to dismiss. We admonish counsel for both parties to proofread their briefs for typographical and spelling errors before filing.

Conclusion

For the reasons stated above, we deny Kennedy's motion to strike paragraph 6 of the complaint, grant the motion to dismiss Counts II, III and IV and deny the motion for sanctions. We deny Simmons' cross-motion for sanctions. It is so ordered.