HELEN E. MANDEL, Plaintiff, *v.* MILTON S. MANDEL and Another, Defendants.

Supreme Court, New York County, June 1, 1931.

*Daniel F. Cohalan,* for the plaintiff.

*Louis Kaplan,* for the defendants.

COLLINS, J. The plaintiff challenges the legal sufficiency of the first separate defense asserted in the answer, which defense alleges that the plaintiff has forfeited her right to the equitable relief demanded in her complaint because of her adultery, for which another action is pending, wherein the individual defendant herein is the plaintiff and the plaintiff herein is the defendant.

The present action seeks to have it declared that a transfer of stock in the corporate defendant to the individual defendant is null and void, in that it was accomplished by fraud, and that the defendants " be ordered to account for all income and profits since the date of said transfer;" further, that the change in beneficiary of certain insurance policies be invalidated and that the defendants be directed " to execute such papers * * * as shall be necessary to effectually reinstate the plaintiff irrevocable beneficiary under said insurance policies."

The defendants, relying upon the equitable principle that one seeking equity should come into court " with clean hands," maintain that, as the plaintiff committed adultery, for which an absolute divorce is being sought in another action, she is not entitled to the assistance of a court of equity for the wrongs here complained of. I cannot subscribe to such a harsh application of the maxim. The doctrine is fully imbedded that the rule is never allowed to perpetrate an injustice. The offensive conduct urged as a bar must relate directly to the transaction which is the subject-matter of the litigation, and not merely to the general conduct of the litigant invoking equitable relief. The plaintiff's general morals do not

preclude her from seeking redress for the fraud charged against defendants. The defendant's charge of adultery is no answer to the plaintiff's charge of fraud.

" When a court of equity is appealed to for relief it will not go outside of the subject-matter of the controversy, and make its interference to depend upon the character and conduct of the moving party in no way affecting the equitable right which he asserts against the defendant, or the relief which he demands." (1 Pom. Eq. Jur. § 399.)

Furthermore, the action in which the plaintiff here is accused of infidelity is still pending. The accusation is but an accusation.

The motion to strike out is granted, with ten dollars costs. Order signed.