Benjamin Brenner, J.
Plaintiff wife has established by a fair preponderance of the credible evidence in this proceeding that the defendant husband was not domiciled in Georgia when he there procured the decree of divorce. The court has thereupon found that plaintiff is entitled to judgment declaring the decree to be invalid.
The husband urges that because of disclosure of immoral conduct by the wife, she must be denied recovery by virtue of the maxim in equity, that “ She who comes into equity must do so with clean hands. ’ ’ Evidence of the wife’s extra-marital conduct was admitted solely as an effort to attack her credibility. The maxim is urged following completioti. of the trial. Though it need not have been pleaded as a defense, it must nevertheless be invoked solely 1 £ on grounds of public policy and for the pro *925 tection of the integrity of the court ” (30 C. J. S., Equity, § 93, p. 477).
The maxim is not so invoked and is inapplicable as well as inappropriate in the present situation. The wife’s alleged promiscuity has no relationship whatever to the issue of the husband’s domicile in Georgia, when he procured the decree, except as evidence of such conduct may tend to cast doubt upon her testimony. Her hands, if not her character, remain clean, for the maxim cannot be applied outside the particular issue under consideration (Talbot v. Independent Order of Owls, 220 F. 660).
The court is not required to examine and approve character, conduct and morality before allowing equitable relief to an otherwise deserving suitor (Mandel v. Mandel, 140 Misc. 848). The maxim was never intended to be broadly applied as punishment of an erring spouse or without regard to the issue or the justice of the cause. Nor do I know of any principle or maxim in law or equity which bars relief because of moral turpitude where morality is not basic to the issue.
In the case at bar, the foreign decree of divorce is invalid, since it was wrongfully and illegally procured. It is no answer to say that a court of equity must uphold a decree, though invalid, simply because the wife’s alleged adultery renders her undeserving of the continued marital status. If the marriage contract is to be destroyed for adultery, then that issue must be alleged, joined and squarely met and not raised collaterally or urged as justification for an invalid and wrongfully procured foreign decree of divorce.
The case of Guibord v. Guibord (2 A D 2d 34), cited by defendant’s counsel, is not in point. The declaratory judgment sought in the proceeding at bar is both useful and necessary and will not adversely affect a third party, the infant who always bore defendant’s name.
Plaintiff is entitled to judgment. Submit findings and conclusions.