Saul S. Stbeit, J.
Plaintiff had purchased from the defendant, Robert M. Rose, the capital stock of a corporation engaged in the business of credit and collection. The action is brought in equity for rescission of the sale upon the ground of fraud. In a first defense that defendant alleges that negotiations for the purchase of the stock were initiated by plaintiff’s husband, an attorney, who offered to buy the stock and gave his check as a down-payment. The bill of sale, however, was executed at his request in favor of his wife, the plaintiff, although he stated that he was the purchaser and would control and operate the business. Defendant had no dealing with the plaintiff until the time of the execution of the bill of sale. Finally, it is alleged in the first defense, on information and belief, that plaintiff’s husband was, in fact, the real purchaser of the stock and as an attorney at law used his wife’s name as a subterfuge to conceal the true ownership and that plaintiff is not the real party in interest. In a second defense those allegations are repeated and it is further alleged that plaintiff’s husband, the real party in interest, a duly admitted attorney, is the party who in fact is conducting the business and that the conduct of such business by him is unethical and illegal and therefore the plaintiff comes into court with unclean hands and is not entitled to relief.
Plaintiff now moves for. dismissal of those defenses for insufficiency in law since as alleged therein plaintiff is the contracting party, she is a proper party in interest to institute suit on the contract. Defendant argues that plaintiff is a nominee or agent of her attorney husband and for that reason should not be allowed to sue in an action for rescission based on fraud. The argument of agency, however, is contrary to the allegation that plaintiff is the contracting party and the contention that plaintiff is not a party in interest is thus legally untenable. It is true that a defendant is not generally concerned with any arrangement between plaintiff, possessing legal title to a claim, and another. However, it is defendant’s contention that the purchase was made in plaintiff’s name by her attorney husband in order to cloak the conduct of a business which by reason of *812 his status he was unable to acquire and to conduct. Accordingly, the first defense is insufficient.
There is no direct attack made against the second defense upon the ground of claimed insufficiency other than that relating to the question whether the defense may be raised by this defendant and against this plaintiff. The second defense is permitted to stand.
The motion is granted to the extent of dismissing the first defense, and it is otherwise denied.