William C. Hecht, Jr., J.
Defendant Merchants’ National Properties, Inc., moves for dismissal of each cause of action stated in the amended complaint on the ground that plaintiff lacks legal capacity to sue, and the causes of action are legally insufficient. The amended complaint supersedes the original complaint and is alone before the court. This is a derivative *236 stockholders ’ suit. Plaintiff is a stockholder of the defendant MeCrory Corporation. Rapid-American Corporation is the owner of 51.04% of the voting stock of MeCrory. A special meeting of stockholders rvas called to pass upon a proposed sale by MeCrory of securities held by it, constituting about 99% of the outstanding common stock of Lerner Stores Corporation. The stockholders of MeCrory were duly informed that Rapid-American would vote its stock favorably only if a majority of the remaining MeCrory stockholders did so.
In a first cause in libel, it is alleged that the moving defendant and its president, the defendant Leonard Marx, mailed a proxy statement on .September 11, 1963, to the MeCrory stockholders. It stated, in part: “ Without Lerner, your company would have lost approximately $3,000,000 last year. There is no reason why MeCrory should sacrifice its best asset to solve one stockholder’s problem. The proposal will help protect our assets from being dissipated.” It also stated: “ TO THE STOCKHOLDERS OF McORORY CORPORATION. We urge you to vote AGAINST the sale of Lerner Stores Corporation. In management’s proxy material was the following statement: ‘ The sale of 97 % of the stock of Lerner Stores Corporation was arranged by Rapid-American which controls 51% of MeCrory in order to solve its own financial pressures after it unsuccessfully attempted to do so by sale of its holdings of MeCrory stock. ’ ” It appears from the pleading, however, and Exhibit A attached thereto, that the last-quoted portion of the defendants ’ proxy statement is not a statement of McCrory’s management but, rather, it is a statement of the defendants which had been repeated in management’s proxy material. It is further alleged that the statements relating to the continuing need of the Lerner stock as a part of the MeCrory assets, the self-interest of Rapid-American, and the adverse interest of MeCrory, were false and defamatory. The proposed sale was not approved and was abandoned, to McCrory’s damage. A second cause in libel is based on a letter mailed on September 21, 1963, containing similar alleged defamatory matter.
The current pleading speaks as of the time of its service and the factual allegations thereof pertaining to plaintiff’s capacity to sue must be accepted as true. From aught that appears in the first two causes, the moving defendant is a stranger to the corporation despite the fact that it objected as a MeCrory stockholder which, in the circumstances here, affords it no position other than a stranger not charged with any wrong committed in connection with the corporate affairs and their management by a person in possession and control thereof. The right of the *237 stranger as distinguished from wrongdoing officers, directors and employees and the stockholders in a fiduciary relationship to object to suit by a stockholder rather than by the corporation, is seriously questioned. (Ripley v. International Rys. of Cent. Amer., 8 A D 2d 310, affd. 8 N Y 2d 430; Koral v. Savory, Inc., 276 N. Y. 215, 221.) Apart therefrom the court reaches the conclusion that the pleading survives the application of the business judgment rule with respect to the alleged refusal of the corporation to institute action. In this connection plaintiff has alleged that a written demand was delivered to the chairman of McCrory’s board of directors on October 4, 1963, that action be instituted, that the chairman had the authority to do so, but unreasonably refused. On October 29, 1963, the board approved the action of its chairman “ irrespective of any consideration of the merits of the suit ’ ’. It is further alleged, however, that it was the consensus of the board that action was justified and meritorious and that McCrory had sustained loss and damage and therefore the board acted unreasonably in refusing authorization of institution of action. Finally, it is alleged that the board was and is content to permit the action to proceed without objection. Thus inaction was approved not only without regard to merit but without statement whatsoever of any paramount interest warranting inaction unless the further allegation concerning the alleged knowledge on the part of the directors that the grievances were meritorious and damage had been sustained and their purpose not to impede litigation must be considered as part of business judgment exercised under the rule and militating against its application to defeat the pleading. Indeed, the court is informed that McCrory has answered and has not raised the objection. In these circumstances, this ground of objection to sufficiency or capacity is overruled.
Next it is urged that there is no libel of the corporation but, at best, of its stockholder Rapid-American and its president. It is clear, however, that the corporation is charged with seeking the consummation of a transaction which would damage it and it is done in circumstances which go to the heart of the corporation’s integrity, business methods, and credit, regardless whether the transaction is concluded. Nor is it perceived that the pleading relies on recital of extrinsic facts to render the statements libelous. Rather such facts are recited as identifying the corporation rather than its stockholder and officer as the party libeled. There is no need for the assertion of special damage. The first and second causes are sufficient.
In the third cause it is alleged that defendant Merchants ’ is the owner of property leased to McCrory for the operation of *238 its retail stores. In July, 1963 Merchants ’ endeavored without success to sell such property to McCrory. Defendants Merchants ’ and Marx threatened McCrory that if the purchase was not immediately made they would cause trouble and prevent the sale of the Lerner stock. For this purpose it is alleged that Merchants ’ and Marx caused Merchants ’ to purchase 100 shares of McCrory common stock for the express purpose of enabling it to solicit proxies and to oppose the Lerner sale, and proceeded to implement and design their purpose and to inflict injury on McCrory. Defendant pleads justification since it was to their interest to preserve the financial condition of McCrory and thereby to enable it to meet its rent obligation. The purpose, maliciously, to inflict injury must be unmixed and without justification to transform a lawful act into an actionable wrong. The wrong is not created in the presence of mixed motive to injure and to serve self-interest. (Beardsley v. Kilmer, 236 N. Y. 80.) However, the immunity insulating the actor arises only when the act by which the injury is done and self-interest is served, is a lawful act. The rule applies here is no aspect whatsoever since the acts of which complaint is made are, as alleged, unlawful. Consequently, the third cause rests on allegation of wrongful acts and the allegation of conspiracy does not alter the nature of the action. The third cause is sufficient.
Defendant moves alternatively for corrective relief pursuant to CPLR 3024 (subd. [b]). In the light of the foregoing considerations affecting the nature of the causes and their elements, none of the objections raised is tenable. Motion is denied in all respects.
(On reargument, April 30, 1964.)
The letters of April 17,1964 and April 20,1964, are considered on the informal application of the defendant Merchants ’ National Properties, Inc., for reargument of its motion for dismissal of each cause of action and the letters are placed on file. Defendant urges with respect to the first two causes in libel, the plaintiff is not the proper party since it is alleged that the authors and publishers of the defamatory matter meant and intended to charge the officers and directors of the defendant McCrory Corporation with misfeasance. This action is brought on behalf of McCrory Corporation. However, it is clear from the entire complaint that the charge may be read to mean as alleged, that the corporation acted so as to help a stockholder against its own interest, while in doing so such action was persuaded by its officers. It is further charged in the complaint that the alleged defamatory matter was directed to the corporation’s financial condition and operational results, was known to *239 be false and untrue and published with malice towards MeCrory and was published of and concerning MeCrory with the intent and purpose of injuring and discrediting the corporation and that such defamatory matter was intended to and did expose MeCrory to public contempt and ridicule and to unfavorable opinion. The cause may not be defeated if there is also alleged a cause against officers.
With respect to the third cause of action, the justification on which defendant relies is a matter of defense, assuming that justification may be pleaded. In this instance, the third cause of action does not rely on the doing of lawful acts but rather charges unlawful acts producing the claimed injury. While defense and proof of mixed motive may justify and exonerate, they will not serve the same function when plaintiff alleges injury resulting from wrongful acts. The application for reargument is denied.