Jessie B. **CARTIER** and Natalie Cellars,
Plaintiffs,

v.

David G. **DUTTON**, Defendant,
Alan N. Alpern and Corporate Equities,
Inc., Additional Defendants on
Counterclaim.

No. 64 Civ. 3749.

United States District Court
S. D. New York.

June 8, 1965.

Kean & Bowcock, New York City, for plaintiffs; Milton Kean, New York City, of counsel.

Aranow, Brodsky, Bohlinger, Einhorn & Dann, New York City, for defendants; Robert Roy Dann, William M. Kaplan, and Errol A. Burkhart, New York City, of counsel.

MEMORANDUM

FEINBERG, District Judge.

This is a motion by plaintiffs Jessie B. Cartier and Natalie Cellars, under Fed.R.Civ.P. 12(b) (6), to dismiss defendant David G. Dutton's fourth separate and complete defense to plaintiffs' first, second and third causes of action, and the counterclaim against plaintiffs and the additional defendants, Alan N. Alpern and Corporate Equities, Inc. ("Equities"), on the ground that the fourth defense and counterclaim fail to state a claim upon which relief can be granted.

According to the complaint in this diversity action: for more than ten years, plaintiffs were the owners of 5,640 shares of the common stock of A. C. Dutton Lumber Corp., a New York corporation ("Dutton Lumber"). Prior to April 1963, Dutton, an officer and director of the corporation, asked plaintiffs to sell their corporate shares to him. Both in writing and orally Dutton assured plaintiffs that the corporation was in poor financial condition, with no market for the stock, that liquidation would harm stockholders, and that the fair market value of the stock was $8 per share. By reason of these representations, which plaintiffs now assert were known by Dutton to be false, they sold and delivered 5,640 shares of Dutton Lumber stock to Dutton for $10 per share. Plaintiffs allege attempted rescission, refusal by Dutton, and a continuing offer to return the money received for sale of the stock. For a second cause of action, plaintiffs charge a breach of fiduciary duty to them as stockholders by a corporate officer founded upon the above allegations. For a third cause of action, plaintiffs allege that the above misrepresentations by Dutton were forwarded to plaintiffs by mail and violate Rule 10b–5 of the Securities and Exchange Commission and section 78 of the Securities Act of 1934.[1]

In his answer to the amended complaint, Dutton alleges, as a fourth separate and complete defense to the first three causes of action, that: Alan N. Alpern, an attorney admitted to practice in New York State, is the president of and controls Equities; that Alpern and Equities have for a considerable length of time desired to control Dutton Lumber and have attempted unsuccessfully to purchase his stock; that some time in 1964, Alpern and Equities entered into a conspiracy with plaintiffs and others to compel him to sell his shares to Alpern or Equities; that, in pursuance of the conspiracy, Alpern and Equities served a demand upon Dutton Lumber to sue Dutton to recover profits allegedly made as a result of the transaction described in the amended complaint; that Alpern and Equities, in pursuance of the conspiracy, induced plaintiffs to institute this action for rescission although, with full knowledge of all of the facts alleged in the amended complaint, for twenty months no such suit has been commenced; that the suit was instituted *solely* to further the desires of Alpern and Equities to control Dutton Lumber and compel defendant to sell his stock; that Alpern and Equities control this litigation; that the prosecution of this action is contrary to public policy.

Defendant Dutton in his answer to the amended complaint also counterclaims for damages suffered as a result of the above actions of plaintiffs in conjunction with Alpern and Equities. Although Dutton asks that Alpern and Equities be made parties defendant to respond to the counterclaim, this question is not before this court.

 There are technical deficiencies in plaintiffs' motion. Thus, the motion to dismiss the fourth defense is allegedly

1. The complaint also alleges a fourth cause of action not relevant to the issues raised by this motion.

brought pursuant to Fed.R.Civ.P. 12(b)(6). However, plaintiffs should have moved pursuant to Fed.R.Civ.P. 12(f) to strike the defense as insufficient. See 2 Moore, Federal Practice, pp. 2217, 2320-21 (2d ed. 1964) and authorities cited therein. Additionally, the motion to strike the defense is tardy. Rule 12(f) provides that the motion should be made within twenty days after the service of the pleading. The answer to the amended complaint was filed on February 24, 1965, and the motion was not brought within twenty days thereafter but was served by mail on March 30, 1965 and filed on April 5, 1965. Defendant has not raised this procedural point and it may be, of course, that plaintiffs could show "excusable neglect," [2] sufficient to justify a late motion. Were I otherwise inclined to grant the motion, the proper course might well be to deny it without prejudice to a motion under Rule 6 for an extension of time or to hold the papers until such a motion had been made. However, such a procedural course is not called for where, as here, the motion should be denied on the merits.

■ The fourth defense alleges facts which, if proved, may be sufficient to establish unclean hands. This defense to an equitable action is permitted not to aid the one asserting it but, rather, on the grounds of public policy and to protect the dignity of the court. Pszczola v. Pszczola, 8 Misc.2d 924; 167 N.Y.S.2d 695 (Sup.Ct.Rich.Co.1957). The doctrine is available when the conduct relied upon is directly related to the subject matter in litigation. Mas v. Coca-Cola Co., 163 F.2d 505 (4th Cir. 1947); Weiss v. Mayflower Doughnut Corp., 1 N.Y.2d 310, 152 N.Y.S.2d 471, 135 N.E.2d 208 (1956). It may be invoked in an equitable action for rescission involving alleged fraud in the sale of stock. Fendrick v. Rose, 26 Misc.2d 810, 209 N.Y.S.2d 13 (Sup.Ct.N.Y.Co. 1960). Here, defendant alleges a champertous agreement to bring this lawsuit and to harass defendant in order to force him to sell his stock. Defendant should have a chance to establish "unclean hands." People ex rel. Holzman v. Purdy, 162 N.Y.S. 65 (Sup.Ct.N.Y. Co.1916); Lyon v. Hussey, 82 Hun 15, 31 N.Y.S. 281 (1st Dep't Gen'l Term, 1894). Moreover, plaintiffs' contention that the counterclaim fails to state a cause of action must also fail. Taking the allegations set forth above as true (as must be done on a motion to dismiss the counterclaim), the motion should be denied and defendant should be given his opportunity to prove an actionable tort and resulting damage. Lazar v. Merchants' Nat'l Properties, Inc., 45 Misc. 2d 235, 256 N.Y.S.2d 514 (Sup.Ct.N.Y. Co.1964); see Penn-Ohio Steel Corp. v. Allis-Chalmers Mfg. Co., 7 A.D.2d 441, 184 N.Y.S.2d 58, 60-62, modified, 8 A.D. 2d 808, 187 N.Y.S.2d 476 (App.Div. 1st Dep't 1959); Prosser, Torts § 5 (2d ed. 1955).

In support of its motion, plaintiffs also argue, *inter alia,* that the motivating factors of a law suit cannot be pleaded as a defense or counterclaim and that the defense and counterclaim are not sustainable on the theory of malicious abuse of process. Defendant properly points out that the defense and counterclaim do more than attack the motives of plaintiffs by setting forth acts, already outlined above, done in furtherance of an allegedly improper agreement. Moreover, the basis of the fourth defense and counterclaim is not malicious abuse of process so that the cases cited by plaintiffs on this issue are irrelevant.

Plaintiffs' motion is denied. So ordered.

2. See Fed.R.Civ.P. 6(b)(2).