FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Plaintiff,

v.

Michael Ray COBB, et al., Defendants.

Diana McCULLARS n/k/a Diana A.
Masterson,
Cross–Complainant/Counterclaimant,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Washington,
District of Columbia, Counterdefendant.

Jane KICINSKI,
Cross–Complainant/Counterclaimant,

v.

FEDERAL NATIONAL MORTGAGE AS-
SOCIATION, WASHINGTON, DIS-
TRICT OF COLUMBIA, Counterdefen-
dant.

Civ. No. H87–358.

United States District Court,
N.D. Indiana,
Hammond Division.

June 1, 1990.

Murray Feiwell, Feiwell & Associates, Indianapolis, Ind., Stephen R. Place, Lucas, Holcomb & Medrea, Merrillville, Ind., for plaintiff.

Diana McCullars n/k/a Diana A. Masterson, Jane Kicinski, Gary, Ind., for defendants.

## ORDER

LOZANO, District Judge.

This matter is before the court on the plaintiff's Motion to Strike Cross–Complaint/Counterclaim, filed August 31, 1987, by the plaintiff-counterdefendant, Federal National Mortgage Association (hereinafter referred to as "FNMA"). The following motions are also before this court: The Motion to Dismiss, filed September 21, 1987, by FNMA; the Motion to Strike, filed September 22, 1987, by the defendant-counterclaimant, Jane Kicinski (hereinafter referred to as "Kicinski"); and the Motion for Summary Judgment filed January 13, 1988, by FNMA.

For the reasons set forth herein, FNMA's Motion to Strike is DENIED; FNMA's Motion to Dismiss is GRANTED in part and DENIED in part; Kicinski's Motion to Strike is DENIED; and FNMA's Motion for Summary Judgment is DE-NIED. Additionally, the court, *sua sponte*, ORDERS that Section D, Allegation 1 and Section E, Allegation 1 of the Cross–Complaint/Counterclaim filed by defendant-counterclaimant, Diana McCullars n/k/a Diana A. Masterson's (hereinafter referred to as "McCullars"), be STRICKEN FROM THE RECORD, as these provisions are immaterial to these proceedings. Similarly, the portion of Kicinski's Cross–Complaint/Counterclaim entitled Section D, Allegation 2, which incorporates Allegation 1 of McCullars' Cross–Complaint/Counterclaim, by reference, is also ORDERED STRICKEN FROM THE RECORD, as it is also immaterial to the proceedings.

## BACKGROUND

Defendants, Michael Ray Cobb and Sandra J. Cobb (hereinafter collectively referred to as "the Cobbs") gave Great Lakes Mortgage Corporation (hereinafter referred to as "Great Lakes") a purchase money mortgage to secure a promissory note dated June 16, 1978. This mortgage was recorded in the Office of the Recorder of Lake County, Indiana (hereinafter referred to as "Lake County") on July 5, 1978. On June 27, 1978, Great Lakes assigned the Cobbs' promissory note and mortgage to FNMA. FNMA recorded the assignment of the note and mortgage in Lake County on July 5, 1978.

The Cobbs' conveyed the real estate subject to the mortgage assigned to and recorded by FNMA, to defendants, McCullars and Kicinski, by warranty deed dated August 25, 1980. McCullars and Kicinski purchased the Cobbs' real estate subject to FNMA's mortgage, which McCullars and Kicinski assumed and agreed to pay.

FNMA contends that McCullars and Kicinski made their last payment to FNMA "for the payment due on August 1, 1986." No further payments have been made.

On June 12, 1987, FNMA filed this action to foreclose the mortgage on the real estate now held by McCullars and Kicinski. As of June 12, 1987, $26,430.16 remained due and payable on the note for which the mortgage was given as security. This note provides that upon default in the payment of any installment of principal or interest, the legal holder of the note may, at his option, declare the unpaid principal and interest immediately due and payable. FNMA has exercised that option.

FNMA seeks a declaration that its mortgage is the first priority lien on the real estate. The foreclosure of the mortgage, the sale of the real estate, and the application of the proceeds of the sale first to the costs of the sale, then to FNMA's claim, and finally to any other debts defendants, the Cobbs, McCullars, and Kicinski owe. FNMA has joined Montgomery Ward & Company (hereinafter referred to as "Montgomery Ward") as a party-defendant because Montgomery Ward obtained a small claims court judgment against McCullars on June 16, 1982, and may have an interest in the mortgaged real estate. FNMA asks that the proceeds of the sale of the real estate, if sufficient to satisfy FNMA's claim, attorneys' fees, costs, and interest, be applied lastly to Montgomery Ward's claim, if any.

On July 16, 1987, McCullars, *pro se*, filed her answer, a demand for a jury trial, and a Cross–Complaint/Counterclaim, naming only FNMA as "respondent-plaintiff." McCullars' Cross–Complaint/Counterclaim contains three barely coherent allegations. The first allegation is directed at "Dan Barrick & Barrick Realty Co.," the realtor involved in McCullars' purchase from the Cobbs of mortgaged real estate which is at the center of this dispute. McCullars' dispute with Barrick concerns an alleged violation of Barrick's agreement to repair the roof of the residence on the mortgaged premises which McCullars and Kicinski purchased from the Cobbs. The second allegation contains charges against FNMA of various due process, antitrust, civil rights, contract, and constitutional violations before having commenced this lawsuit. By her second allegation, McCullars contends that she made "good faith payments" and that she had "called to find out where she could send her monies to update her account and was refused direction therefore by counsel of [FNMA]."

FNMA moved that McCullars be ordered to file a more definite statement with respect to the Cross–Complaint/Counterclaim, and, on August 14, 1987, this court, by the Honorable James T. Moody, ordered McCullars to do so. On August 24, 1987, McCullars, in what appears to be an attempt to comply with this court's order, filed what has been entitled "Response to Motion and Order."

On August 26, 1987, Kicinski, *pro se*, filed her "Appearance" and "Answer" which is a general denial of all of the allegations in FNMA's Complaint, and her own "Cross–Complaint/Counterclaim." Kicinski's Cross–Complaint/Counterclaim contains three barely coherent allegations. First, Kicinski alleges that Judge Moody "appears as assistant counsel for [FNMA];" second, Kicinski adopts allegations one and two from McCullars' Cross–Complaint/Counterclaim; and, third, Kicinski alleges that the "original contract" between Kicinski, McCullars, and FNMA, was altered and voided by subsequent oral agreement and in accepted practice of "open-ended contractual time of payments." Kicinski also alleges that FNMA failed to adequately serve her with notice of process, and that FNMA has violated her "civil rights, constitutional rights, [and] privileges and immunities addressed and duly secured by the Constitution of the United States of America."

FNMA responded by filing a Motion to Strike McCullars' Cross–Complaint/Counterclaim for failure to comply with this court's Order to file a more definite statement, and a Rule 12(b)(6) Motion to Dismiss Kicinski's Cross–Complaint/Counterclaim for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P.

12(b)(6). As a result, Kicinski filed a Motion to Strike FNMA's Motion to Dismiss her Cross–Complaint/Counterclaim, on September 22, 1987.

Following the entry on December 8, 1987, of a clerk's entry of default against the Cobbs and Montgomery Ward, FNMA moved for summary judgment on January 13, 1988. McCullars and Kicinski opposed summary judgment and demanded trial by jury on all issues.

## DISCUSSION

*FNMA's Motion to Strike McCullars' Cross–Complaint/Counterclaim*

■ Rule 12(f) of the Federal Rules of Civil Procedure provides that:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed.R.Civ.P. 12(f). A motion under this rule to strike portions of a responsive pleading serves the limited purpose of excluding irrelevant material from pending litigation. *Donovan v. Robbins,* 99 F.R.D. 593, 596 (N.D.Ill.1983), rev'd on other grounds, 752 F.2d 1170 (7th Cir.1984). Issues raised in a responsive pleading which are irrelevant to a cause of action need not be allowed to complicate and impede the progress of pretrial discovery. *Id.* "[V]ague allegations that seek to raise defense of dubious legal merit are subject to being stricken for 'indefiniteness'." *Id.* (citing *U.S. v. 416.81 Acres of Land,* 514 F.2d 627, 629–32 (7th Cir.1975)). Given the purpose of this rule, the court may strike a matter from a pleading on its own initiative where doing so advances the progress of litigation. Fed.R.Civ.P. 12(f); *U.S. v. 416.-81 Acres of Land,* 514 F.2d at 629–32.

■ While the purpose of this rule is to expedite the administration of justice, a motion to strike is not a favored motion, as it proposes a drastic remedy. *U.S. v. 416.-81 Acres of Land,* 514 F.2d at 629–32;

*Mudd v. Busse,* 68 F.R.D. 522, 532 (N.D. Ind.1975), motion reconsidered, 437 F.Supp. 505 (N.D.Ind.), aff'd, 582 F.2d 1283 (7th Cir.1978), *cert. denied,* 439 U.S. 1078, 99 S.Ct. 858, 59 L.Ed.2d 47 (1979). In determining whether to grant a motion to strike, the court must treat all well-pleaded facts as admitted and cannot consider matters outside the pleadings. *U.S. Oil Co., Inc. v. Koch Refining Co.,* 518 F.Supp. 957, 959 (D.Wis.1981). The paucity or prolixity of factual allegations is not necessarily grounds to strike a pleading, especially when it has been prepared by a *pro se* litigant untutored in the requirements of the federal procedural rules. *Hanna v. Lane,* 610 F.Supp. 32, 34 (N.D.Ill.1985). See also, *Pain Prevention Lab v. Electronic Waveform Labs,* 657 F.Supp. 1486, 1491 (N.D.Ill.1987) (inartful pleading does not constitute a proper basis for a motion to strike) Considering the disfavor with which motions to strike are looked upon, a court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party. *Id.* (citing *Lirtzman v. Spiegel, Inc.,* 493 F.Supp. 1029, 1030 (N.D.Ill.1980)). See also, *Pain Prevention Lab,* 657 F.Supp. at 1491; *Mudd,* 68 F.R.D. at 532.

■ FNMA moves that McCullars' Cross–Complaint/Counterclaim be stricken for what FNMA characterizes as McCullars' failure to file a more definite statement as ordered by this court on August 14, 1987. McCullars did, however, file what has been entitled "Response to Motion and Order" on August 24, 1987. In this "Response", McCullars refers to FNMA Motion For a More Definite Statement and this court's order granting that motion. McCullars has attached to this "Response" a copy of her records of a cashier's check and money orders to substantiate her claim that late payments were accepted, a copy of the letter received from counsel for FNMA informing McCullars of the manner by which she could reinstate her account, and a copy of her phone bill

reflecting her calls to counsel for FNMA to attempt to do so. Although McCullars' "Response" to this court's order is somewhat inartful, it does not constitute noncompliance. Therefore, to the extent FNMA seeks an order striking McCullars' Cross–Complaint/Counterclaim in its entirety for her failure to file a more definite statement, FNMA's motion is DENIED.

■ Although McCullars' attempt to comply with this court's order saves her Cross–Complaint/Counterclaim from being stricken entirely, portions of her Cross–Complaint/Counterclaim violate Rule 13(a) and (b) and Rule 12(f). Fed.R.Civ.P. 12 and 13. Section D, Allegation 1 of McCullars' Cross–Complaint/Counterclaim concerns McCullars' dispute with "Dan Barrick" and "Barrick Realty Co.", as does Section E, Allegation 1, over an alleged agreement to repair McCullars' roof. Neither "Dan Barrick" nor "Barrick Realty Co." have been named a party to this cause of action, which is a mortgage foreclosure action. Additionally, McCullars' dispute with this realty or its agent over the repair of her roof is irrelevant to FNMA's cause of action to foreclose her mortgage. A counterclaim, whether compulsory under Rule 13(a) or permissive under Rule 13(b), can be filed only against an "opposing party", and does not authorize the assertion of counterclaims against strangers to the litigation. Fed.R.Civ.P. 13(a) and (b). Furthermore, irrelevant issues need not be allowed to complicate and impede pretrial discovery. *Donovan*, 99 F.R.D. at 596, construing Fed.R.Civ.P. 12(f). Accordingly, this court, *sua sponte*, orders Section D, Allegation 1 and Section E, Allegation 1, stricken from McCullars' Cross–Complaint/Counterclaim.

*FNMA's Motion to Dismiss Kicinski's Cross–Complaint/Counterclaim.*

FNMA has moved that Kicinski's Cross–Complaint/Counterclaim be dismissed for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). In ruling on a 12(b)(6) motion to dismiss, this court must follow

the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80, 84 (1957). This court must also accept all allegations in the Cross–Complaint/Counterclaim as true. *Collins v. County of Kendall, Ill.,* 807 F.2d 95, 99 (7th Cir.1986). See also, *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59, 65 (1984); and *Gomez v. Illinois State Board of Education,* 811 F.2d 1030, 1039 (7th Cir.1987). In order to prevail on the Motion to Dismiss, the movant, FNMA, must demonstrate that Kicinski's claim, as set forth by the Cross–Complaint/Counterclaim, is "without legal consequence." *Gomez,* 811 F.2d at 1039.

Kicinski has made three allegations in the "CAUSE OF ACTION" section of her Cross–Complaint/Counterclaim. First, Kicinski alleges that FNMA failed to properly serve her with a copy of the Complaint, and that Judge Moody "appears as assistant counsel for the Plaintiff Corporation" for having stricken McCullars' Motion for Enlargement of Time on August 14, 1987. Kicinski alleges that these actions resulted in a violation of her "Civil Rights, Constitutional Rights, Privileges and Immunities", and due process rights. FNMA has moved to dismiss these claims on two grounds. First, FNMA contends that Kicinski failed to "limit her response to Plaintiff's Complaint to a special appearance for the purpose of challenging said jurisdiction" by filing "a responsive pleading in the form of a 'Cross–Complaint/Counterclaim'." Secondly, FNMA contends that Kicinski's allegation regarding Judge Moody fails to state a claim upon which relief can be granted in the mortgage foreclosure action.

■ While Kicinski filed her Answer to FNMA's Complaint simultaneously with her Cross–Complaint/Counterclaim, the simultaneous filing does not result in the waiver of her defense of lack of personal jurisdiction due to improper service. Rule 12 consolidates all pretrial defenses and objections, enabling a defendant to plead

all available defenses without the risk of waiving them and without the inevitable delay associated with successive motions and pleadings. *D'Amico v. Treat*, 379 F.Supp. 1004 (N.D.Ill.1974) *aff'd* without opinion, 510 F.2d 976 (7th Cir.1975). Special appearances are no longer necessary to challenge jurisdiction, process, or venue. *Shall v. Henry*, 211 F.2d 226 (7th Cir.1954); *Blank v. Bitker*, 135 F.2d 962 (7th Cir. 1943). Additionally, the fact that Kicinski raised this defense in a cross-complaint/counterclaim does not operate as a waiver. A defendant may forego a motion and assert in answer to the complaint every defense, objection, or response the defendant has to the plaintiff's claim for relief, including jurisdictional challenges, denials, affirmative defenses, and counterclaims. *Chase v. Pan–Pacific Broadcasting, Inc.*, 750 F.2d 131 (D.C.Cir.1984).

This court notes that FNMA cites no authority for its position that Kicinski's claim should be dismissed because she failed to file a special appearance for the limited purpose of challenging jurisdiction. This court also notes that FNMA failed to discover precedent which was established in this circuit as early as *1943*. See, *Blank v. Bitker, supra.* However, this court also notes that on June 12, 1987, FNMA moved, pursuant to Fed.R.Civ.P. 4(e) and 28 U.S.C. § 1655, for an order directing Kicinski to appear, plead, or answer the Complaint, and requested that an order granting this motion be published in such manner as the court may direct as service upon the defendant, Jane Kicinski. On June 24, 1987, this court found that Kicinski could not be located within the State of Indiana, that her whereabouts at that time were unknown, and that personal service upon her was not practicable. For these reasons, on June 24, 1987, this court ordered Kicinski to appear, plead, answer or otherwise move with respect to the Complaint, on or before August 26, 1987, and also ordered that this notice be published in The Gary Info once a week for six (6) consecutive weeks, beginning no later than July 15, 1987. Thereafter, Kicinski filed her Answer and Cross–Complaint/Counterclaim on August 26, 1987. Therefore, even though FNMA's

motion is based upon meritless grounds, Kicinski has failed to state a claim upon which relief can be granted with respect to her challenge to personal jurisdiction for improper service, and FNMA's Motion to Dismiss is granted as to this claim.

Kicinski's allegation against Judge Moody fails to state a claim upon which relief can be granted, in that it is irrelevant to this mortgage foreclosure action, and Judge Moody is not a party to this cause of action. Additionally, Kicinski's allegation appears to be nothing more than a petulant objection to Judge Moody's ruling against co-defendant McCullars, which hardly forms the basis for relief under any circumstances. Accordingly, FNMA's motion to dismiss this allegation is also granted.

FNMA moves that Kicinski's second allegation be dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. In her second allegation, Kicinski "adopts allegations 1 and 2 of Diana A. Masterson [sic] Cross–Complaint/Counter Claim, filed and served on *RESP–PLTFF* [sic] July 16, 1987." Apparently, Kicinski refers to and adopts Allegations 1 and 2 of McCullars' Cross–Complaint/Counterclaim, filed July 16, 1987. This Court, *sua sponte*, orders that Kicinski's second allegation be stricken to the extent Kicinski seeks to adopt and incorporate of Allegation 1 of McCullars' Cross–Complaint/Counterclaim, as that allegation has been stricken from McCullars' Cross–Complaint/Counterclaim as immaterial. Fed.R. Civ.P. 12(f). To the extent FNMA's motion seeks the dismissal of this allegation, it is moot; however, to the extent FNMA's motion raises an issue as to whether Kicinski's second allegation is defective for incorporating by reference a portion of an earlier pleading which she did not originally file, FNMA's motion will be addressed.

Kicinski has incorporated, by reference, a portion of an earlier pleading which she did not originally file into her Cross–Complaint/Counterclaim. Rule 10(c) provides, in relevant part, that:

Statements in a pleading may be adopted by reference in a different part of the

same pleading or in another pleading, or in any motion.

Fed.R.Civ.P. 10(c); *Macklin v. Butler,* 553 F.2d 525, 528 (7th Cir.1977). In order to incorporate an earlier pleading in a later pleading, the later pleading must specifically identify which portions of the prior pleading are adopted therein. Fed.R.Civ.P. 10(c); *General Acc. Ins. Co. of America v. Fidelity & Deposit Co. of Maryland,* 598 F.Supp. 1223 (D.Pa.1984). This Rule does not expressly require that, in order to incorporate an earlier pleading by reference, the party seeking to incorporate the earlier pleading must necessarily have been the party who filed it. Furthermore, FNMA has cited no authority which supports this position.

 This court also notes that Kicinski has filed her Cross–Complaint/Counterclaim without benefit of counsel. *Pro se* complaints must be held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 521–22, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (*per curiam*); *Sizemore v. Williford,* 829 F.2d 608, 610 (7th Cir.1987). Generally, whether complaints have been filed by attorneys or by laymen, a court should give a reasonably tolerant reading to complaints. *Stewart v. RCA Corp.,* 790 F.2d 624, 632 (7th Cir.1986) (citing *American Nurses Ass'n. v. Illinois,* 783 F.2d 716, 723–24, 727 (7th Cir.1986)). Where a complaint is almost barren of facts, but a liberal reading of the complaint indicates that it contains claims of a general category, the claimant is entitled to at least try to prove his claim. *Stewart,* 790 F.2d at 632.

 The relevant portion of McCullars' Cross–Complaint/Counterclaim, which Kicinski specifically refers to and seeks to incorporate by reference, contains a claim that McCullars filed the "Declaration of Homestead" and had made attempts to pay FNMA all of the money necessary to reinstate her mortgage account. By this claim, McCullars also alleges that counsel for FNMA refused to instruct her as to how she could update her account, after having sent her a letter which provided the terms by which she could do so. Under Indiana law, a mortgagee's invitation to the mortgagor to tender the amount due in order to reinstate a mortgage account may constitute a valid defense to an action for mortgage foreclosure. *First Fed. Sav. & Loan Ass'n v. Stone,* 467 N.E.2d 1226, 1232 (Ind. App. 3 Dist.1984). Therefore, McCullars has raised a potentially valid defense to FNMA's claim.

While Kicinski does not provide this language in her Cross–Complaint/Counterclaim, but instead attempts to incorporate this claim from McCullars' Cross–Complaint/Counterclaim by reference, Kicinski's Cross–Complaint/Counterclaim does contain allegations that on three separate occasions she offered updated payments to FNMA prior to the filing of FNMA's Complaint, and that such payments were refused. Accordingly, although her Complaint is almost devoid of facts which support this claim within the "CAUSE OF ACTION" section, her Cross–Complaint/Counterclaim contains sufficient information to place her claim generally within the category of defenses to a mortgage foreclosure action, and she should at least be allowed to try to prove this claim. See *Stewart,* 790 F.2d at 632. Accordingly, FNMA's Motion to Dismiss Kicinski's second allegation is denied.

 FNMA has also moved to dismiss Kicinski's third allegation, in which Kicinski alleges that FNMA's three-year practice of accepting late payments from McCullars and Kicinski voided the original mortgage agreement. The mortgage note in this case contains a non-waiver provision which provides that:

If any deficiency in the payment of the installment under this note is not made good prior to the due date of the next such installment, the entire principle sum and accrued interest shall at once become due and payable without notice at the option of the holder of this note. Failure to exercise this option shall not constitute a waiver of the right to exercise same in the event of any subsequent default.

(See Mortgage attached to FNMA's Complaint filed June 12, 1987, as Exhibit C.)

Under Indiana law, a non-waiver clause contained in a mortgage which provides that the waiver of the option to accelerate the note upon default at one time does not constitute waiver of the right to exercise such option at any other time, is effective to prevent the acceptance of late payments from operating as a waiver upon subsequent default. *First Fed. Sav. & Loan Ass'n. v. Stone*, 467 N.E.2d at 1232. Therefore, FNMA's acceptance of Kicinski and McCullars' late payments did not result in FNMA's waiver of the right to require prompt payment or to institute foreclosure proceedings upon subsequent default. Accordingly, Kicinski fails to state a claim upon which relief can be granted under Indiana law by her third allegation, and FNMA's Motion to Dismiss is granted as to Kicinski's third allegation.

*Kicinski's Motion to Strike FNMA's Motion to Dismiss.*

■■■ On September 22, 1987, Kicinski filed a Motion to Strike FNMA's Motion to Dismiss her Cross–Complaint/Counterclaim. While a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is not technically a pleading within the definition set forth in Fed.R.Civ.P. 7(a), Rule 12(b)(6) permits a pleader to assert the defense of failure to state a claim upon which relief can be granted by motion prior to pleading. The proper procedure for challenging a defense as insufficient is to move to strike the defense pursuant to Rule 12(f). 27 Fed. Proc.L.Ed. § 62:408 (citing *Cartier v. Dutton*, 45 F.R.D. 278 (S.D.N.Y.1965)).

■■■ A motion to strike a defense cannot be granted if the defense raises any substantial question of law or fact, or if there is any possibility that the defense may succeed after a full hearing on the merits. *U.S. v. 416.81 Acres of Land*, 514 F.2d 627 (citing *U.S. v. 187.40 Acres of Land, Huntingdon Cty., Pa.*, 381 F.Supp. 54, 56 (D.Pa.1974)). FNMA's Motion to Dismiss was directed at testing the sufficiency of Kicinski's Cross–Complaint/Counterclaim. In doing so, this motion raised no new or novel defenses, and ultimately succeeded in disposing of two of Kicinski's claims. Therefore, Kicinski's Motion to Strike FNMA's Motion to Dismiss is meritless. Kicinski is advised to consult Rule 11 of the Federal Rules of Civil Procedure and to use caution in making any further filings in this court. Kicinski is also advised that Rule 11 provides for sanctions to be applied to anyone who signs a pleading, motion, or other paper and files same in court, whether the signer is an attorney or a layman. In the future, Kicinski's meritless motions may form the basis for sanctions.

*FNMA's Motion For Summary Judgment.*

■■■ FNMA contends that there is no genuine issue as to any material fact since McCullars and Kicinski admit having assumed the Cobbs' note and mortgage by warranty deed, and that the note and mortgage are in default. FNMA contends that the sole issue in this case is whether the terms of the note and mortgage compel judgment in FNMA's favor. McCullars and Kicinski oppose the Motion for Summary Judgment and contend that there is a genuine issue of material fact which prevents the entry of summary judgment in this case.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, Summary Judgment is proper only if it is demonstrated "that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir.1988); *Beard v. Whitley County R.E. M.C.*, 840 F.2d 405, 409 (7th Cir.1988); *Roman v. U.S. Postal Service*, 821 F.2d 382, 385 (7th Cir.1987); *McGraw–Edison v. Walt Disney Products*, 787 F.2d 1163, 1167 (7th Cir.1986); *Federal Deposit Insurance Corp. v. Meyer*, 781 F.2d 1260, 1267 (7th Cir.1986). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts which might effect the outcome of the suit under governing law will properly preclude the entry of summary judgment'." *Walter*, 840 F.2d at 434 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106

S.Ct. 2505, 2511, 91 L.Ed.2d 202, 211 (1986)).

The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Donald v. Polk County*, 836 F.2d 376 (7th Cir.1988); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142 (1970); *Backes v. B. Valspar Corp.*, 783 F.2d 77, 79 (7th Cir.1986). To preclude summary judgment, a non-moving party must show a material issue of fact. "A party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Beard*, 840 F.2d at 410. Therefore, if a party fails to establish the existence of an essential element of its case on which it bears the burden of proof at trial, summary judgment will be appropriate. In this situation, "there can be no 'genuine issue as to any material fact', since a complete failure of proof concerning an essential element of a non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273 (1986). See also: *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511, 91 L.Ed.2d at 212.

Although McCullars and Kicinski failed, by their responses, to demonstrate the existence of an issue of material fact to defeat FNMA's Motion for Summary Judgment, this court must look to the entire record to determine whether there is a genuine issue of material fact which precludes the entry of summary judgment. This court notes that McCullars contends, both in her Cross–Complaint/Counterclaim, filed July 16, 1987, and in her Response to Motion and Order filed August 14, 1987, that FNMA informed McCullars by letter dated July 27, 1987, that she would be permitted to pay the amount due and, upon payment, her mortgage account would be reinstated and the complaint to foreclose her mortgage would be dismissed. Kicinski then incorporates this provision of McCullars' Cross–Complaint/Counterclaim by reference into Kicinski's Cross–Complaint/Counterclaim. Both Kicinski and McCullars further allege that even though they made three attempts to make the requisite payment to FNMA to reinstate their mortgage account, counsel for FNMA refused these attempted payments due to the pending litigation. FNMA fails to address this issue in its Motion for Summary Judgment.

Under Indiana law, even if at a prior time a mortgagee's agent clearly reflected the mortgagee's desire to accelerate the mortgage note in a letter or note to the mortgagor, an invitation to tender the amount due in order to reinstate a mortgage account which is extended by the mortgagee's agent to the mortgagors is binding upon the mortgagee and negates any effect any such prior warning could have had. *First Fed. Sav. & Loan Ass'n v. Stone*, 467 N.E.2d at 1232. If FNMA's agent had in fact invited another tender of the amounts due by McCullars and Kicinski, FNMA could not thereafter reject that tender and accelerate the note. There is a genuine issue of material fact as to whether the letter dated July 27, 1987 from FNMA's agent to McCullars and Kicinski, which is appended to McCullars' Response to Motion and Order, filed August 24, 1987, constitutes an invitation by FNMA to McCullars and Kicinski to tender the amount due. Accordingly, FNMA's Motion for Summary Judgment is denied.

CONCLUSION

Based upon the foregoing, FNMA's Motion to Strike is DENIED; FNMA's Motion to Dismiss Kicinski's Cross–Complaint/Counterclaim is GRANTED in part and DENIED in part; Kicinski's Motion to Strike is DENIED; and FNMA's Motion for Summary Judgment is DENIED. Additionally, the court, *sua sponte* ORDERS that Section D, Allegation 1, and Section E, Allegation 1, of McCullars' Cross–Complaint/Counterclaim, and the portion of Section D, Allegation 2 of Kicinski's Cross–Complaint/Counterclaim which incorporates this part of McCullars' Cross–Complaint/Counterclaim, by reference, be STRICKEN FROM THE RECORD, as

these provisions are immaterial to these proceedings.