**THOR CORPORATION v. AUTOMATIC WASHER CO.**

No. 1–60.

United States District Court
S. D. Iowa, Central Division.

June 30, 1950.

Herbert H. Brown of the firm, Toulmin & Toulmin, Dayton, Ohio, and George R. Hise of the firm Miller, Davis, Hise & Howland, Des Moines, Iowa, for movant Automatic Washer Co.

Will Freeman of the firm, Bair, Freeman & Molinare, Chicago, Ill.; and Wm. F. Riley of the firm, Evans, Riley, Duncan, Jones & Hughes, Des Moines, Iowa, for plaintiff.

SWITZER, District Judge.

The motion before the court is one by the defendant Automatic Washer Company to strike several paragraphs of plaintiff's complaint under Fed.Rules Civ.Proc. rule 12(e) and (f), 28 U.S.C.A., in an action involving rights in trade marks between competing washing machine companies. A motion to make more definite and certain what plaintiff intended to mean by the use of the words in its complaint of "primary mark" and "secondary mark" was joined to the motion to strike. Plaintiff voluntarily submitted satisfactory explanation of these latter words by separate pleading and thus removed that motion from our consideration.

The bill of complaint by the plaintiff Thor Corporation is one asking for a declaratory judgment under Sec. 2201 and 2202, Title 28 U.S.C.A., wherein plaintiff seeks a decree mainly that the trade mark registration purportedly covering the words "Spin-dry" owned by the defendant company through registration No. 408,153 under the Trade Mark Act of 1920, now 15 U.S.C.A. § 1051 et seq., is invalid and void on the ground that such words are descriptive and incapable of exclusive appropriation. Also, that the plaintiff in the use of its trade mark "Automagic" on its products in no way infringes rights of the defendant because of its incorporated name "Automatic." The matter would be triable to the court alone.

Prior to the filing of the bill of complaint, the Automatic Washer Company under date of March 10, 1950, had directed a letter to the plaintiff company charging it with infringement and unfair competition in the use of the words "Spin-dry" and "Auto-magic." This letter was written to the Thor Corporation after the appearance in "Life" magazine of an advertisement of the "Thor Automagic Spinner-Washer," wherein the words in question appeared. That letter to the Thor Corporation reads as follows:

"We have observed your advertisement in a recent issue of "Life" using the trade-mark "Spin-dry" in connection with your washing machines. This trade-mark "Spin-dry" is owned by us and is registered as Registration No. 408,153.

"In addition, we notice that you use in association with "Spin-Dry" the word "Au-tomagic". As our name is Automatic and has been associated with washing machines for many years, as also has been "Spin-Dry", this combination of names merely aggravates infringement.

"We have been advised by our patent counsel * * * that as a matter of law the foregoing trade-mark and name are being infringed, that this action is unfair competition and will undoubtedly damage us.

"We therefore are requesting that you refrain from further use of these names and particularly "Spin-Dry."

"We also wish to protest that you are using our name "Spin-Dry" in a descriptive or generic sense in which it is not properly used * * * ."

As stated, this accusatory letter impelled plaintiff to institute this action to test the validity of the trade-marks in question and to determine infringement and unfair competition.

The exhaustive briefs and the many specifications of claimed error in the pleading make it necessary in fairness to counsel to set out the objections made by defendant's motion to strike.

In Moore's Federal Practice, Vol. 1, p. 660, the rule is stated: "It should be noted that under subdivision (f) of Rule 12, a court should hesitate to strike matter unless it clearly appears to be 'redundant, immaterial, impertinent and scandalous.' Thus, where certain evidential facts, when read with the bill as a whole, give a fuller understanding thereof, they should not be struck. In suits involving multiple and complex issues greater latitude in pleading may be allowed since the impertinence may not be so clear."

However, Rule 8(e)(1) of the Federal Rules of Civil Procedure, providing—"Each averment of a pleading shall be simple, concise, and direct." and Rule 12(f), that—

"* * * the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." circumscribe the range of pleading and compel the court to strike such as offend, subject to a liberal discretion generally by the court in this respect.

Defendant asserts that many paragraphs in plaintiff's bill violate these rules in great measure and should be so stricken, specifically objecting to the following paragraphs and parts of paragraphs for the reason:—

Par. 6, pleading the trade mark "Thor" is immaterial to the issues.

Par. 7, pleading the spending of $3,000,-000 by the plaintiff for advertising its products manufactured under the primary trade-mark "Thor" is not pertinent.

Par. 8, the word "Thor" is not in issue.

Par. 9, the extent of plaintiff's advertising in magazines of national circulation is evidentiary.

Par. 15, wherein plaintiff states—"that such words ('spin' and 'dry') are used in the ordinary everyday dictionary meaning, and that no trade-mark or identifying significance is intended or found in such words when used as set forth in the 'Life' magazine ad." is a legal conclusion and not a statement of a cause of action, is impertinent, immaterial and irrelevant, evidentiary and a statement of an intent.

Par. 16, that the statement therein—"that defendant recognized the descriptiveness of the words spin-dry and its inability to appropriate to the exclusion of all others, the words 'spin' and 'dry' when it made its

application for registration under the Trade Mark Act of 1920," is evidentiary and immaterial.

Par. 19, that plaintiff's allegation, "that defendant's use of the words 'dry' and 'spin' in advertising matter indicates recognition by defendant that such use is intended to be descriptive of a type of washing machine and not of trade mark significance," does not pertain to an ultimate fact.

Pars. 20 and 21, that the allegations therein that defendant in its own catalog describes its washing machines by use of words "spin-dry" and "spinner", is indefinite and evidentiary material.

Par. 22, that the allegation therein that defendant's Trade-Mark Registration #408,153 includes a statement—"intended to mislead the public as to defendant's rights in the words spin and dry" is the pleading of a mental act, evidentiary matter and contrary to well established principles of trade-mark law.

Par. 23, plaintiff's allegation that in Registration #297,828 (under the 1905 Act)—"The words 'Spin-dry', because they are descriptive," are so limited therein, is but a conclusion.

Par. 24, that the allegation that the Trade-Mark Act of 1905 does not permit registration of words or marks that are descriptive and that registration under the 1920 Act is no evidence of ownership of the mark, is argumentative.

Par. 25, that the allegation therein that —"defendant, in claiming to have a Trade-Mark Registration covering the term 'Spin-dry' under the 1920 Act has, and is misleading the public by reference to an earlier Registration #297,828 (under the 1905 Act), which, in fact, definitely disclaims the exclusive rights to the words 'Spin-dry' apart from the trade-mark 'Prima.' " is argumentative and redundant.

Pars. 28 and 29, that the reference therein to certain advertisements of the plaintiff purporting to describe its washing machine by the use of the words 'spin-dry' is evidentiary matter, that said advertisements are not the basis of defendant's letter charging infringement on the part of the plaintiff, hence does not relate to an "actual controversy."

Par. 30, that plaintiff's claim therein that the words "spin-dry" and combinations thereof "have been used for the sole purpose of describing the function and operation of its washing machine, and with no intent to infringe upon any rights belonging to the defendant * * *" are statements of mental acts and immaterial, irrelevant and impertinent.

Par. 32, that plaintiff's allegation therein that it has spent over $3,000,000 in advertising the secondary mark "Automagic" along with its primary mark "Thor" on its products, is impertinent.

"Impertinence" as discussed by Moore's Federal Practice, Vol. 1, p. 658— "consists of any allegation not responsive nor relevant to the issues involved in the action and which could not be put in issue or be given in evidence between the parties. To determine whether matter is impertinent one must first determine the scope of the issues in controversy, and then, under 12(f), determine whether the matter injected in the pleadings is relevant or material thereto."

Some of the questioned paragraphs and portions of paragraphs here clearly violate the mandate of the rules and should be stricken.

The Clerk will therefore enter the following order:

This matter came on for hearing before the court at Des Moines, Ia., on the motion of the defendant to strike paragraphs and portions of paragraphs contained in the bill of complaint; argument was had both orally and by briefs; and the court being advised;

It is Ordered that the motion of the defendant to strike all of paragraphs numbered 6, 7, 8, 9, 15, 20, 21, 23, 24 and 32 contained in plaintiff's bill be, and the same is, hereby overruled; that the motion of the defendant to strike either all or a portion of paragraphs 16, 19, 22, 25, 28, 29, and 30 be, and the same is, hereby sustained, and the said paragraphs or portions of paragraphs 16, 19, 22, 25, 28, 29, and 30 are accordingly stricken from said pleadings. Both parties except.