# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3802

_____

Teri Louise Graves, as Trustee for the    *
Heirs of James Robert Graves,    *
   *
           Appellant,    *
   *
         v.    *    Appeal from the United States
   *    District Court for the
County of Beltrami; David Fallis,    *    District of Minnesota.
individually; William J. Siems,    *
individually; Randy W. Posner,    *    [UNPUBLISHED]
individually; Randy Fitzgerald;    *
individually; John Does I-X,    *
individually,    *
   *
           Appellees.    *

_____

Submitted: November 6, 2000
Filed: November 14, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

When the Beltrami County Sheriff's Department learned of an underage-drinking party at a home on a peninsula extending into Turtle Lake, several officers responded. Using dogs, they pursued party-goers to test them for alcohol consumption and, if appropriate, to arrest them. Some of the party-goers fled into the nearby woods, and

18-year-old party-goer James Graves fled into the lake. The officers left the scene, and Graves drowned.

Teri Graves, trustee for Mr. Graves's heirs, sued under 42 U.S.C. § 1983 and brought a state-law negligence cause of action in federal court. The district court[1] dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6), concluding that the federal claim against the officers was barred by qualified immunity, the state claim against the officers was barred by official immunity, and the county was not liable because its officers were not liable. Ms. Graves appeals.

Having reviewed the district court's decision de novo, see Stanbury Law Firm v. IRS, 221 F.3d 1059, 1061 (8th Cir. 2000) (per curiam) (standard of review), we affirm the dismissal of the federal claim against the officers for the reasons stated by the district court. Cf. S.S. v. McMullen, 225 F.3d 960 (8th Cir. 2000) (en banc). Ms. Graves acknowledges that she did not assert a section 1983 claim against the county, and we agree that one is not stated by the allegations in her complaint. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978) (municipal liability premised on official policy or custom which causes injury). We also affirm the court's dismissal of the state-law negligence claim against the officers, see Starks v. City of Minneapolis, 6 F. Supp. 2d 1084, 1087 (D. Minn. 1998) (Minnesota doctrine of official immunity for discretionary acts), and against the county, see Olson v. Ramsey County, 509 N.W.2d 368, 372 (Minn. 1993) (when municipal employee enjoys official immunity, so does municipality).

Accordingly, we affirm the judgment of the district court.

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.