130 F.Supp.2d 1093 (2001)
Mary PECORARO, Plaintiff,
v.
GENERAL AMERICAN LIFE INSURANCE COMPANY, Defendant.
No. 4:00CV713MLM.
United States District Court, E.D. Missouri, Eastern Division.
February 23, 2001.
*1094 Lisa S. Van Amburg, Partner, Matthew J. Ghio, Van Amburg and Chackes, St. Louis, MO, for Mary Pecoraro.
John B. Renick, Associate, Timothy O. Schranck, McMahon and Berger, St. Louis, MO, for General American Life Insurance Company.

MEMORANDUM AND ORDER
MEDLER, United States Magistrate Judge.
This matter is before the court on defendant's Motion to Strike Counts V and VI and to Dismiss Counts VII and VIII. [5] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [12]

I. BACKGROUND
Plaintiff has filed an eight count Complaint. Counts I and II allege race discrimination arising under Tile VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended by the Civil Rights Act of 1991 ("Title VII") and the Missouri Human Rights Act, R.S.Mo. 213.010 et seq. ("MHRA"). Counts III through VI are claims of retaliation for plaintiff's complaints about racial discrimination arising under Title VII and the MHRA; and Counts VII and VIII are claims of race discrimination and retaliation arising under 42 U.S.C. § 1981. Plaintiff Mary Pecoraro is a white female. Defendant General American Life Insurance Company is a mutual insurance company. Plaintiff began working for defendant on February 2, 1998 and she claims to have been constructively discharged on February 26, 1999.
Defendant moves to strike Counts V and VI as redundant of the claims in Counts III and IV and in the alternative, moves to dismiss Counts V and VI. Defendant also moves to dismiss Counts VII and VIII on the grounds that as an at-will employee, plaintiff may not bring a claim under 42 U.S.C. § 1981.

II. DISCUSSION

A. Counts V and VI
Plaintiff moves to strike, or in the alternative to dismiss, Counts V and VI on the ground that they are redundant of the claims and relief sought in Counts III and IV. In Count III plaintiff claims that she was retaliated against in violation of Title VII and in Count IV, plaintiff claims that she was retaliated against in violation of the MHRA. (Complaint ¶¶ 26, 27) In support of both of these claims, plaintiff sites paragraphs 8-23 of the Complaint (Id). In Counts V and VI, plaintiff again claims that she was retaliated against in violation of Title VII and the MHRA. (Complaint ¶¶ 28, 30). In Counts V and VI, plaintiff again sites paragraphs 8-23 in support of the retaliation claims (Id). Plaintiff further alleges in paragraph 29 of Count V and in paragraph 31 of Count VI that defendant issued a letter of warning in retaliation for plaintiff's complaints of race harassment and that as a consequence, plaintiff did not receive her yearly raise. (Complaint, ¶¶ 29, 31).
Plaintiff alleges in paragraph 15 that as a result of defendant's investigation of plaintiff's complaint of racial harassment, plaintiff was placed on "final warning" (Complaint ¶ 15). Plaintiff further alleges in paragraph 15 that as a result of the final *1095 warning, plaintiff was denied her yearly raise (Id).
Although plaintiff states in her Response to defendant's Motion to Strike that the "final warning" that caused plaintiff to lose her annual raise was a separate adverse employment action from the other acts of race discrimination and retaliation alleged in the earlier Counts, the court finds that this is an inaccurate reading of the Complaint. Counts III, IV, V and VI all incorporate by reference paragraphs 8-23 of the Complaint. Paragraph 15 states plaintiff was given the "final warning" and that as a result "was denied her yearly raise". It is clearly redundant to set these allegations aside as separate and distinct acts of adverse employment action in Counts V and VI when they are adequately and sufficiently pled in Counts III and IV.
Rule 12(f) of the Federal Rules of Civil Procedure states in pertinent part: "Upon motion made by a party...or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f). The rule is stated in the permissive and it has always been understood that the court enjoys "liberal discretion" under the rule. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir.2000) (citations omitted). "Despite the broad discretion, however, striking a party's pleadings is an extreme measure, and, as a result we have previously held that `[m]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.'" Stanbury, 221 F.3d at 1063 quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) citing 5 Right & Miller Federal Practice and Procedure: Civil § 1380 at 738 (1969).
Evaluating the Complaint on its face, the acts complained of in ¶¶ 8-23 and incorporated in Counts V and VI are part and parcel of the race discrimination and retaliation that led to plaintiff's constructive discharge as set out in ¶¶ 8-23 and incorporated in Counts III and IV. Therefore, the court will exercise its discretion and will strike Counts V and VI as redundant of the claims in Counts III and IV.
Defendant seeks, in the alternative, the dismissal of Counts V and VI. The court, having determined the Counts should be stricken, this alternative remedy will be denied as moot.

B. Counts VI and VIII
Counts VI and VIII allege race discrimination and retaliation under 42 U.S.C. § 1981. Defendant moves to dismiss these Counts because plaintiff was an at-will employee. Plaintiff's at-will status is not disputed.
A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir.1993) (a motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the Complaint that there is some insuperable bar to relief). "The issue is not whether plaintiff will ultimately prevail but whether the claimant in entitled to offer evidence to support her claim." Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The Court must review the Complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46, 78 S.Ct. 99.
42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens." Defendant asserts that *1096 because Plaintiff was an at-will employee, she cannot maintain a cause of action under § 1981.
The Eighth Circuit has not yet addressed the question of whether at-will employment is contractual for the purposes of § 1981, and a split of authority exists within this district.[1]Compare Foster v. BJC Health System, 121 F.Supp.2d 1280 (E.D.Mo.2000) (at-will employee may maintain cause of action under § 1981); Cummings v. Mallinckrodt, No. 4:00CV660 CAS (at-will employee may state a claim under § 1981); and Morgan v. United Parcel Service, 4:94CV1184 CEJ (at-will employee may maintain a cause of action under 1981) with Nofles v. State Farm Mut. Auto. Ins. Co., 101 F.Supp.2d 805, 819-20 (E.D.Mo.2000) (at-will employment is not contractual for the purposes of § 1981 because, under Missouri law, at-will employees do not have contractual rights enforceable in the event of termination, and § 1981 depends on the existence of such contractual rights); Jones v. Becker Group of O'Fallon Div., 38 F.Supp.2d 793, 795 (E.D.Mo.1999) (at-will employee may not sue under § 1981 because Missouri law clearly dictates that an at-will employee has no contractual rights as to the terms, conditions, and duration of employment); and Blue v. Abbott Ambulance, No. 4:00CV583RWS (at-will employee cannot state a claim under § 1981).
At the appellate level, however, all four circuits considering this issue have uniformly held that at-will employees may sue under § 1981. Lauture v. IBM, 216 F.3d 258, 261-62 (2nd Cir.2000); Perry v. Woodward, 199 F.3d 1126, 1133 (10th Cir. 1999); Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018-19 (4th Cir.1999); Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc., 160 F.3d 1048, 1051-52 (5th Cir.1998); Cf. Gonzalez v. Ingersoll Milling Mach. Co., 133 F.3d 1025, 1034-35 (7th Cir.1998) (expressing doubt that an at-will employee may sue under § 1981, but declining to reach issue). The most divisive aspect of the question appears to be whether a federal court should look to the general common law of contracts or to specific state law in determining whether at-will employment is contractual. The Second and Fourth Circuits take the former approach, while the Fifth and Tenth Circuits have adopted the latter. Id.
After reviewing the myriad approaches to the issue, this Court will adopt the rationale and conclusion set forth in Foster v. BJC, supra. In that case, the court noted that most states have adopted the "at-will employment" doctrine and explained the principle as follows:
Under this doctrine, either party may terminate an employment relationship at any time and for any reason unless the parties have agreed otherwise. At-will employees have no contractual right to continued employment. See Nofles, 101 F.Supp.2d at 820. Courts and commentators have long recognized, however, that the at-will doctrine operates not as a barrier to contract formation, but as a rule of contract interpretation. [citations omitted] The at-will doctrine supplies a default term in employment contracts in which the parties have not specified the employment's duration or the reasons for which the employment may be terminated. [citations omitted]
121 F.Supp.2d at 1287. Indeed, under common-law principles, an at-will employment relationship has all the elements of a valid contract, because (among other things) an at-will employee's work is performed as consideration for the employer's promise to pay, and the employee may sue the employer for breach of contract if the employer fails to pay earned wages; consequently, *1097 most state courts recognize at-will employment as contractual. 121 F.Supp.2d at 1288 (citations omitted).
The Foster court found the approach of looking at this common law to determine whether a contract exists for purposes of § 1981 to be more compelling "because it is a `settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms,'" 121 F.Supp.2d at 1289, quoting United States v. Shabani, 513 U.S. 10, 13, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994); see also Patterson v. McLean Credit Union, 491 U.S. 164, 182-82, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) (Supreme Court rejected argument that the language of § 1981 requires a court to look outside the statute to the terms of the particular contract and to state law for the obligations and covenants to be protected by federal statute). This appears to be the more common sense approach, because unnecessarily subjecting a federal statutory scheme to the vagaries of differing state laws may create undue confusion about the application of the law  for example, similarly situated employees in different states being accorded different rights (or no rights) under this statute depending on where that person lives and works  as well as many arguments about which state's law will apply to determine the existence of a contract. Using this common-law approach, an at-will employee such as Plaintiff may clearly maintain a cause of action under § 1981.
Although the Foster court adopted the common law approach, it noted that even if it were to look to Missouri law, the result would not differ. Recognizing that Missouri courts differentiate clearly between contractual employment and at-will employment, the court found that Missouri law also recognizes the existence of a contractual remedy for at-will employees if the employer withholds compensation and benefits previously earned  an approach that is consistent with the common law principles discussed above. 121 F.Supp.2d at 1289, citing Ley v. St. Louis County, 809 S.W.2d 734, 736 (Mo.Ct.App.1991); but see Nofles, 101 F.Supp.2d at 820 (In Missouri, an employee may not maintain a contract action when she is terminated unless she can show that she was subject to an employment contract, an essential element of which is a set duration of employment; if an at-will employee is terminated in violation of a specific statutory provision or in violation of public policy, the employee may sue for wrongful discharge, an action sounding in tort) citing Luethans v. Washington University, 894 S.W.2d 169, 172 (Mo. banc 1995) and Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859 (Mo.Ct.App.1985). This Court concurs with the idea that, even under Missouri law, an at-will employment arrangement has the hallmarks of a contract even if it is not an actual "employment contract" (as the term is most narrowly defined by Missouri courts), and that this is sufficient to satisfy the requirements of § 1981.
The Foster court concluded by stating:
In addition, I note that § 1981 liability for wrongful termination may arise out of an at-will contract just as it may arise out of any other kind of contract. Although termination of an at-will employee does not amount to a breach of contract, a § 1981 claim does not require a breach of the underlying contract. [citations omitted] Stated differently, while an employer may terminate an at-will employee for any reason or no reason, it will incur liability under § 1981 if it does so for a racially discriminatory reason. [citation omitted] Foster may therefore sue under § 1981 despite her at-will status.
121 F.Supp.2d at 1289-90. This Court agrees, and therefore will deny Defendant's Motion to Dismiss Plaintiff's § 1981 claim in Counts VII and VIII.
ACCORDINGLY,
IT IS HEREBY ORDERED that Defendant's Motion to Strike Counts V and VI is GRANTED. [5-1]
*1098 IT IS FURTHER ORDERED that Defendant's Alternative Motion to Dismiss Counts V and VI is DENIED as moot. [5-2]
IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Counts VII and VIII is DENIED. [5-3]
NOTES
[1] The Eighth Circuit has recently noted that "Whether an at-will employee may maintain a § 1981 claim is a matter of first impression in this circuit. For those circuits which have addressed the issue, the resounding view is that an at-will employee has a cause of action under § 1981 for discrimination occurring in the employment relationship." Bogren v. State of Minnesota et al., 236 F.3d 399, 409 (8th Cir.2000) (declining to reach issue because claim failed on other grounds).