**Patricia YOUNG, Plaintiff,**

v.

**Angelika DUNLAP, and R.H. Hummer, Jr. Inc., Defendants.**

**No. 4:04 CV 482 DDN.**

United States District Court,
E.D. Missouri,
Eastern Division.

Aug. 16, 2004.

Lucy M. Davis, St. Louis, MO, for Plaintiff.

John L. Walker, Ted L. Perryman, St. Louis, MO, for Defendants.

### *MEMORANDUM AND ORDER*

NOCE, United States Magistrate Judge.

This action is before the court on the motion of defendant R.H. Hummer, Jr., Inc., to strike allegations in the petition of plaintiff Patricia Young (Doc. 12). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

### I. BACKGROUND

Patricia Young originally commenced this action in the Circuit Court of St. Charles County against defendants Angelika Dunlap and R.H. Hummer, Jr., Inc. Dunlap removed

the action to this court with Hummer's consent. (Docs.1, 11.) Young seeks to recover damages from a collision involving vehicles driven by she and Dunlap on or about March 22, 1999. (Doc. 1, Attach. 1 at 2.)

Young alleges Hummer is vicariously liable for Dunlap's acts as her employer under the theories of negligent entrustment and *respondeat superior.* (Doc. 1, Attach. 1 at ¶¶ 6, 7.) In its answer, Hummer admitted Dunlap was acting within the course and scope of her agency or employment. (Doc. 9 at 1–2.) Therefore, Hummer wants Young's claim of negligent entrustment liability stricken from the petition. (Docs.12, 13.). Young has not responded to this motion.

## II. DISCUSSION

Fed.R.Civ.P. 12(f) provides "[u]pon motion made by a party before responding to a pleading ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court is afforded broad discretion in ruling on a motion to strike. *See Nationwide Ins. Co. v. Cent. Mo. Elec. Coop.,* 278 F.3d 742, 748 (8th Cir.2001) ("[A] district court enjoys liberal discretion under Rule 12(f)."); *Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir.2000) ("Because [Rule] [12(f) ] is stated in the permissive, however, it has always been understood that the district court enjoys liberal discretion thereunder.").

Despite having broad discretion to decide a Rule 12(f) motion, a motion to strike a party's pleading is often viewed with disfavor. *See Stanbury Law,* 221 F.3d at 1063; 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004) ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.").

Hummer invokes *McHaffie v. Bunch* for its holding that a negligent entrustment claim cannot be asserted as a theory of lia-

bility where the employer admits to the possibility of *respondeat superior* liability. 891 S.W.2d 822 (Mo.1995) (en banc). In *McHaffie,* plaintiff sued both the driver of a truck involved in a collision and the driver's employer. *Id.* at 824. Plaintiff based her theory of employer liability on *respondeat superior,* negligent hiring, and negligent entrustment. *Id.* Defendants admitted *respondeat superior* liability and argued it was improper for plaintiff to submit a claim for negligent entrustment and hiring "where the employer admits that the driver was acting within the scope and course of his employment at the time of the collision...." *Id.* at 824–25. Defendants further argued that theories of *respondeat superior* liability and negligent hiring and entrustment were inconsistent and should not be submitted concurrently. *Id.* at 825.

The court held it was error to permit a separate assessment of fault based on negligent entrustment once agency was admitted (*id.* at 827), recognizing the majority view that it is improper to allow a plaintiff to proceed on an additional imputed liability theory once an employer admits *respondeat superior* liability. *Id.* at 826.

> The reason given for holding that it is improper for a plaintiff to proceed against an owner of a vehicle on the independent theory of imputed negligence where respondeat superior is admitted has to do with the nature of the claim. Vicarious liability or imputed negligence has been recognized under varying theories.... If all the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose. The energy and time of the courts and litigants is unnecessarily expended.

*Id.*

The instant case is similar to *McHaffie.* Young sued Dunlap as driver and Hummer as employer. (Doc. 1, Attach.1.) Young's petition alleges both *respondeat superior* liability and liability for negligent entrustment,

(Doc. 1, Attach. 1 at ¶¶ 6, 7) and Hummer admitted *respondeat superior* liability. (Doc. 9 at 1–2.) The court finds no reason to distinguish the instant case from *McHaffie*. Moreover, allowing Young to argue negligent entrustment when Hummer admitted imputed liability is both redundant and prejudicial. *See Fed. Nat. Mortgage Ass'n v. Cobb*, 738 F.Supp. 1220, 1224 (N.D.Ind.1990) ("[A] court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party.").

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant, R.H. Hummer, Jr., Inc. to strike ¶ 6 from plaintiff's petition (Doc. 12) is sustained.